JUL 1 1 200

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Eazypower Corporation, | ) |
| | ) |
| | ) Civil Action No. 03C 3164 |
| Plaintiff, | ) |
| | ) Judge Wayne R. Andersen |
| v. | ) |
| | ) Magistrate Judge Morton Denlow |
| Alden Corporation, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF MOTION

**FILED**

JUN 3 0 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To:     Robert B. Breisblatt
        Kara F. Cenar
        Philip D. Segrest, Jr.
        Joseph E. Cwik
        Welsh & Katz, Ltd.
        120 S. Riverside Plaza, 22nd Floor
        Chicago, IL 60606

        **PLEASE TAKE NOTICE** that on July 8, 2003 at the hour of 9:00 a.m., or as soon thereafter as counsel for Alden Corporation may be heard, we shall appear before the Honorable Wayne R. Andersen, or any judge sitting in his stead, in the courtroom usually occupied by him in the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and there and then present Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction, a copy of which is hereby served upon you.

                                        Alden Corporation

                                        By: _____
                                            One of its attorneys

Jeffrey E. Schiller
Michael S. Lee
Schuyler Roche & Zwirner, P.C.
130 East Randolph St., Suite 3800
Chicago, Illinois 60601
312/565-2400

Of Counsel:

John C. Linderman
William Tucker Griffith
McCormick, Paulding & Huber, LLP
City Place II, 185 Asylum Street
Hartford, CT  06103
(860) 549-5290



## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiffs, certifies that on June 30, 2003, he caused a copy of the foregoing Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction and Notice of Motion to be delivered by U.S. Mail to:

Robert B. Breisblatt
Kara F. Cenar
Philip D. Segrest, Jr.
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL  60606

Jeffrey E. Schiller

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

*FILED*

JUL 1 1 2003

JUN 3 0 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Eazypower Corporation, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 03C 3164 |
| | ) |
| v. | ) Judge Wayne R. Andersen |
| | ) |
| Alden Corporation, | ) Magistrate Judge Morton Denlow |
| | ) |
| Defendant. | ) |

Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction

Defendant, Alden Corporation, moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this Action in its entirety.

The grounds for this Motion are as follows:

1.      Plaintiff's Complaint fails to state a claim on which relief may be granted for at least Counts I, II, III and V because Defendant's actions in providing notice of its published patent application pursuant to 35 U.S.C. § 154(d) are immunized under the Noerr-Pennington Doctrine and the constitutional Right to Petition.

2.      The Court lacks subject matter jurisdiction as to Count VI because there is no actual justiciable controversy, as is required under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Specifically, Plaintiff seeks a Declaratory Judgment of noninfringement and/or invalidity with respect to a patent that has not yet issued.

The legal arguments outlined above are set forth in more detail in the accompanying Memorandum.



This Motion is based on the pleadings and papers on file in this Action, this Motion, the attached Notice of Motion, the accompanying Memorandum, and all evidence and argument presented at the Hearing of this Motion.

Respectfully submitted by,

Alden Corporation,
Defendant

By: _____
Jeffrey E. Schiller
Schuyler, Roche & Zwirner
One Prudential Plaza, Suite 3800
130 East Randolph Street
Chicago, IL 60601
(312) 565-2400
(312) 565-8300

Of Counsel:

John C. Linderman
Wm. Tucker Griffith
McCormick, Paulding & Huber, LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103
(860) 549-5290

JUL 1 1 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

Eazypower Corporation,

     Plaintiff,

  v.

Alden Corporation,

     Defendant.

)
)
)
) Civil Action No. 03C 3164
)
)
) Judge Wayne R. Andersen
)
) Magistrate Judge Morton Denlow
)
)
)
)

FILED
JUN 3 0 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Memorandum in Support of Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction



## TABLE OF CONTENTS

I.     Background ...................................................................................................................... 1

II.    Defendant Alden Was Required to Provide Actual Notice to Potential Infringer's of Its Pending Patent Rights Pursuant to 35 U.S.C. § 154(d), Or Forfeit Recovery for Any Pre-Issuance Infringement ...................................................................................................................... 2

III.   Eazypower's Complaint Fails to State a Claim Pursuant to Rule 12(b)(6) Because Alden's Letters Are Immune from Liability ................................................................................................ 3

    A.   *Alden's Efforts to Provide Actual Notice to Potential Infringer's of Its Published Patent Application Are Immunized by the Noerr-Pennington Doctrine* .................................................. 4

    B.   *Plaintiff's Assertions That Alden's Letters Were Sent in "Bad Faith" Are Merely Conclusory Allegations, and Plaintiff Has Provided No Factual Support for Such Allegations of "Bad Faith"* 7

IV.   This Court Lacks Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) Regarding Count VI and Alden's Yet-to-Issue Patent ................................................................................................ 8

    A.   *The Court Lacks Subject Matter Jurisdiction Where Only an Advisory Opinion Is Sought* ........ 9

    B.   *Eazypower's Request for a Declaratory Judgment as to Alden's Yet-to-Issue Patent is Premature, Therefore No Justiciable Controversy Existed at the Time the Complaint Was Filed* ................................................................................................................................. 9

V.    Conclusion .................................................................................................................... 12

Defendant Alden Corporation ("Alden") moves to dismiss this Action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter and failure to state a claim.

As set forth more particularly below, Defendant Alden's efforts to provide actual notice of its published patent application and its pending patent rights are required by statute. Therefore, Alden's notice letters are immunized under the Noerr-Pennington Doctrine and the constitutional Right to Petition from unfair competition and tortious interference with contract claims set out in Plaintiff's Complaint. Thus, Plaintiff's Complaint fails to state a claim on which relief can be granted.

Additionally, Plaintiff improperly seeks a Declaratory Judgment with respect to a yet-to-issue patent. Plaintiff has failed to establish that an actual and justiciable controversy exists, and thus, Count VI of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

Accordingly, Defendant Alden requests that this Action be dismissed in its entirety.

I.    Background

Defendant Alden filed a patent application with the United States Patent and Trademark Office ("USPTO") on April 4, 2000. Pursuant to 35 U.S.C. § 122(b), Alden's application was published as U.S. Published Application No. 2001/0026737 A1 on October 4, 2001. On March 19, 2003, Alden received a Notice of Allowance from the USPTO indicating that the claims of its patent application are in allowable form. See, e.g., 35 U.S.C. §§ 101, 102, 103, 112. Alden paid the issue fee for the patent application on April 14, 2003, and is currently awaiting issuance of the patent by the USPTO. See 35 U.S.C. § 151.

On May 12, 2003, Plaintiff Eazypower Corporation ("Eazypower") filed a Complaint against Defendant Alden alleging five counts.[1] At that time, Alden's patent had not been issued. In fact, as of the filing date of Alden's Motion to Dismiss, the patent has still not issued.

---

[1] Plaintiff's Complaint does not include a Count IV.

Plaintiff's Count I is for violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on alleged false and/or misleading statements apparently made to prospective customers of Eazypower. Count II is directed to purported violations of the Illinois Uniform Deceptive Trade Practices Act § 2, 815 Ill. Comp. Stat. 510/2. Count III is for tortious interference with prospective business relationships. Count V is for unclean hands. Lastly, in Count VI, Eazypower seeks a Declaratory Judgment that Alden's future patent is invalid and/or not infringed by Eazypower.

The sole acts giving rise to Eazypower's first four counts are Alden's sending of notice letters to Eazypower, Ace Hardware Corporation ("Ace"), and 84 Lumber Company, L.P. ("84 Lumber") in April 2003, pursuant to 35 U.S.C. § 154(d), regarding Alden's published patent application and pending patent rights. (See Exhs. A-D). Eazypower's declaratory count (Count VI) is based on Alden's yet-to-issue patent.

II.  Defendant Alden Was Required to Provide Actual Notice to Potential Infringer's of Its Pending Patent Rights Pursuant to 35 U.S.C. § 154(d), Or Forfeit Recovery for Any Pre-Issuance Infringement

In 1999, the Patent Statute was amended to provide patent owners with provisional rights in published patent applications that subsequently issue with claims substantially identical in scope to published claims. See Pub. L. 106-113, §§ 4402, 4504, 113 Stat. 1501A-557, 564. Specifically, 35 U.S.C. § 154(d) provides in pertinent part that

> [A] patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent under section 122(b) . . . and ending on the date the patent is issued-
> (A)(i) makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States; or
> (ii) if the invention as claimed in the published patent application is a process, uses, offers for sale, or sells in the United States or imports into the United States products made by that process as claimed in the published patent application; and
> (B) had actual notice of the published patent application . . . .

Plaintiff Eazypower is believed to manufacture, sell and/or offer for sale products that will likely infringe Alden's forthcoming patent rights. In accordance with Section 154(d), Defendant Alden preserved

2

its right to seek a reasonable royalty for pre-issuance infringement by providing Eazypower with actual notice by way of letters dated April 4 and 14, 2003. (See Exhs. A, B). Similar letters were also sent to at least Ace and 84 Lumber, both of whom are believed to sell or offer for sale Eazypower's products. (See Exhs. C, D). Had Alden not provided these companies with actual notice, Alden would have forfeited its Section 154(d) provisional rights.

Based on the clear language of Section 154(d), a reasonable royalty for any actions pre-dating an issued patent can only be sought once a patent has actually issued. Specifically, "[t]he right under paragraph (1) to obtain a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application." 35 U.S.C. § 154(d)(2). Thus, the issued patent claims must be compared with the published claims. If any issued claim is substantially identical to any published claim, and that issued claim was infringed prior to issuance of the patent, then the patentee is entitled to a reasonable royalty for the pre-issuance infringement so long as the alleged infringer received actual notice of the published patent application.

Clearly, Alden's letters were necessary to preserve Alden's provisional patent rights and the ability to seek pre-issuance royalties from infringers thereof. To the extent this activity is reasonably connected to Alden's constitutional Right to Petition, Alden's letters are immunized from liability.

III.  Eazypower's Complaint Fails to State a Claim Pursuant to Rule 12(b)(6) Because Alden's Letters Are Immune from Liability

A Complaint must state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of the Complaint, not to resolve the case on the merits. See 5A Wright & Miller, Federal Practice & Procedure § 1356. Under Rule 12(b)(6), the party moving for dismissal bears the burden of proving that no claim has been stated, and

3

must show "beyond doubt that the plaintiff can prove no set of facts in support of [its] claim [that] would

entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also GATX

Leasing Corp. v. National Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir. 1995). The Court accepts all

well-pleaded factual allegations in the Complaint as true and draws all reasonable inferences in the

plaintiff's favor. See Cleveland v. Rotman, 297 F.3d 569, 571 (7th Cir. 2002). However, conclusory

allegations, unwarranted inferences and conclusions of law presented as factual conclusions are not

sufficient to defeat a motion to dismiss. See Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995).

Dismissal under Rule 12(b)(6) is appropriate with respect to Counts I, II, III and V in Plaintiff's

Complaint, especially where the Complaint itself makes it clear that Alden's actions are immunized under

the Noerr-Pennington Doctrine and the constitutional Right to Petition. (See, e.g., Complaint, ¶¶ 50-53).

A.    *Alden's Efforts to Provide Actual Notice to Potential Infringer's of Its Published Patent*
      *Application Are Immunized by the Noerr-Pennington Doctrine*

Alden's notice letters to Eazypower, Ace and 84 Lumber are protected under the Noerr-Pennington

Doctrine. See Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S. Ct.

523 (1961); United Mine Workers v. Pennington, 381 U.S. 657, 85 S. Ct. 1585 (1965). All three notice

recipients are potential infringers of Alden's forthcoming patent. As noted above, Alden was required to

provide these potential infringers with notice of its provisional patent rights in order to preserve the ability to

seek pre-issuance royalties.

The Noerr-Pennington Doctrine is based on Sherman Act considerations as well as the First

Amendment Right to Petition the government. See Tarpley v. Keistler, 188 F.3d 788, 794 (7th Cir. 1999).

Though the Doctrine was originally limited to antitrust actions, it has been extended to other areas,

including patent law. See, e.g., Versatile Plastics, Inc. v. Sknowbest! Inc., 247 F. Supp. 2d 1098, 1103

(E.D. Wisc. 2003). The Doctrine protects petitioning activity to the government through the court system,

and has been extended to protect acts reasonably related to the petitioning process, including the sending

4

of cease and desist letters to alleged infringers. See id. at 1105 ("A patent holder who sends a cease and

desist letter to persons believed to be infringing is entitled to some protection from liability for damages

resulting therefrom."); Thermos Co. v. Igloo Prods. Corp., 1995 WL 842002, at *4-5 (N.D. Ill. Sept. 27,

1995) (Exh. E).

The notice provision of the Patent Act "is designed to assure that the recipient knew of the adverse

patent during the period in which liability accrues, when constructive notice by marking is absent." SRI Int'l,

Inc. v. Advanced Tech. Labs., Inc., 127 F.3d 1462, 1470 (Fed. Cir. 1997). Further, the Federal Circuit has

held that a patentee "has the right to . . . enforce its patent, and that includes threatening alleged infringers

with suit." Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1353 (Fed. Cir. 1999).

In Cardtoons, L.C. v. Major League Baseball Players Ass'n, 208 F.3d 885 (10th Cir. 2000), the

Tenth Circuit ruled that "purely private threats do not constitute a petition to the government." Id. at 886.

There, the scrutinized activity was the sending of cease and desist letters purportedly violating the publicity

rights of professional baseball players. See id. However, as noted in Versatile Plastics, Inc. v. Sknowbest!

Inc., the sending of cease and desist letters or actual notice letters pursuant the patent laws is

distinguishable from the purely private communications in Cardtoons. See Versatile Plastics, 247 F. Supp.

2d at 1104-05; see also Keystone Retaining Wall Sys., Inc. v. Rockwood Retaining Walls, Inc., 2001 WL

951582, at *10-11 (D. Minn. Aug. 22, 2001) (Exh. F).

In Versatile Plastics, the plaintiff filed an action for a Declaratory Judgment of non-infringement of

Sknowbest!'s patent, and further asserted claims including tortious interference with prospective business

relationships, unfair competition violations under the Lanham Act and state law, trade libel, and antitrust

and conspiracy based on infringement notice letters sent on behalf of Sknowbest!. See id. at 1100. The

U.S. District Court for the Eastern District of Wisconsin dismissed the plaintiff's counts based on the Noerr-

Pennington Doctrine, noting that "[a] patent holder who sends a cease and desist letter to persons believed

5

to be infringing is entitled to some protection from liability for damages resulting therefrom." Id. at 1105.[2] The Court also found that the plaintiff failed to plead sufficient facts to show that the defendants' conduct was in bad faith, and therefore fell with the "sham" exception to the Noerr-Pennington Doctrine. See id. at 1106.

In distinguishing the Cardtoons decision, the Court stated that the fact that the cease and desist letters were sent in the context of patent law is significant. See id. at 1104. Specifically, the Court noted that the patent laws "explicitly sanction and require notice letters to be sent in some situations [and] cannot be seen as 'purely private threats' outside the realm of the right to petition the government." Id. at 1104-05; see also Keystone, 2001 WL 951582, at *11 ("Unlike Cardtoons, where the letters threatening litigation were not required, the notice requirements of 35 U.S.C. § 287 put Keystone's activities within the ambit of immunized activity under the Noerr-Pennington doctrine.") (Exh. F).

Here, Alden's actions in sending actual notice letters to Eazypower, among others, are clearly actions "reasonably and normally attendant upon protected litigation" and immunized by the Noerr-Pennington Doctrine. See Versatile Plastics, 247 F. Supp. 2d at 1104-05. Though Alden's patent has not yet issued, Alden possesses provisional rights under the Patent Act that must be timely asserted in the event of future litigation. See id. at 1105. Section 154(d) of the Patent Act, quoted supra at pages 2-3, is similar to Section 287(a) in that actual notice is required for the patentee to receive a reasonable royalty for pre-issuance activity. Failing to provide such notice, Alden forfeits its right to seek such pre-issuance royalties. Alden's notice letters form the basis of Plaintiff's Count I-III and V.

Section 154(d) does not provide the patentee with the alternate course of constructive notice through marking like Section 287(a). Consequently, Alden did not have available to it the less

---

[2]  The focus of Versatile Plastics was the notice requirement of 35 U.S.C. § 287(a), which provides, in part, that:

confrontational option of constructive notice, but instead was compelled to give actual notice through its letters. With no constructive notice option available under Section 154(d), the application of the Noerr-Pennington Doctrine to actual pre-patent issuance notices is even more compelling than the post-patent issuance notices addressed by Section 287(a). See Versatile Plastics, 247 F. Supp. 2d at 1104. Accordingly, Alden's notice letters, being required under the Patent Act, are immunized, and Eazypower's Complaint fails to state a claim for which relief can be granted.

      B.    *Plaintiff's Assertions That Alden's Letters Were Sent in "Bad Faith" Are Merely Conclusory Allegations, and Plaintiff Has Provided No Factual Support for Such Allegations of "Bad Faith"*

The protection provided under the Noerr-Pennington Doctrine is not unlimited. For example, immunity is not available for marketplace statements about potential patent infringement where the statements are made in "bad faith" or are "sham" petitions to the government. See Versatile Plastics, 247 F. Supp. 2d at 1105. However, "bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim." Zenith, 182 F.3d at 1355; see also Mikohn Gaming Corp. v. Acres Gaming, Inc., 165 F.3d 891, 897 (Fed. Cir. 1998) ("In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights.").

The United States Supreme Court has outlined a two-part test to determine whether the "sham" exception to the Noerr-Pennington Doctrine applies. See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 113 S. Ct. 1920 (1993). First, the lawsuit or threat must be "objectively baseless," in that "no reasonable litigant could realistically expect success on the merits." Id. at 60, 113 S. Ct. at 1928. Second, if such a lawsuit is objectively baseless, courts should focus on the subjective motivation for bringing the lawsuit. If the motive is merely to interfere with a competitor's

---

In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages

business, it should be deemed to be a sham lawsuit or threat and undeserving of Noerr-Pennington immunity. See id. at 60-61, 113 S. Ct. at 1928. However, to defeat Alden's Motion, Plaintiff cannot merely rely on conclusory allegations, unwarranted inferences and conclusions of law masquerading as factual conclusions regarding alleged "bad faith". See Northern Trust, 69 F.3d at 129.

Eazypower cannot provide evidence that Alden's Section 154(d) notice letters were sent in "bad faith". As noted above, Alden possesses provisional rights in a yet-to-issue patent based on U.S. Published Application No. 2001/0026737 A1. Notice letters were sent to potential infringers of these rights. (See Exhs. A-D). These letters are clearly drafted in view of Section 154(d) and are intended to bring Alden's rights to the attention of potential infringers thereof. Nothing in these letters indicates a bad faith on the part of Alden.[3] See also Mikohn, 165 F.3d at 897 ("Indeed, a patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights 'even though he may misconceive what those rights are.'"). Accordingly, Eazypower cannot establish that the "sham" exception to the Noerr-Pennington Doctrine applies.

IV.     This Court Lacks Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) Regarding Count VI and Alden's Yet-to-Issue Patent

Prior to addressing a case, the Court must first assume subject matter jurisdiction over the controversy asserted in the Complaint. See Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1185 (7th Cir. 1989). Subject matter jurisdiction may not be conferred or waived even by express consent of the parties. If the Court lacks subject matter jurisdiction over a controversy, the count(s) related to the controversy must be dismissed. Here, Plaintiff's request for a Declaratory Judgment under 28 U.S.C. § 2201 et seq., seeks an unconstitutional advisory opinion regarding a patent that has yet to issue. Since no actual controversy exists, Count VI of the Complaint should be dismissed for lack of subject matter jurisdiction.

_____

may be recovered only for infringement occurring after such notice.

8

A.     *The Court Lacks Subject Matter Jurisdiction Where Only an Advisory Opinion Is Sought*

In order to establish subject matter jurisdiction for declaratory relief, Eazypower must establish the

existence of a justiciable case or controversy in the constitutional sense. See 28 U.S.C. § 2201(a); GAF

Building Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 481 (Fed. Cir. 1996).

> A "controversy" in this sense must be one that is appropriate for judicial determination. A
> justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or
> abstract character; from one that is academic or moot. The controversy must be definite and
> concrete, touching the legal relations of parties having adverse legal interests. It must be a real
> and substantial controversy admitting of specific relief through a decree of a conclusive character,
> as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41, 57 S. Ct. 461, 464 (1937) (citations omitted). Thus, it

is clear that the Court may not be enlisted to issue an "advisory opinion".

Once subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of

proving its existence. See Bally Exp. Corp. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir. 1986). When

considering a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction, the Court accepts as

true all well-pled factual allegations and draws reasonable inferences from the allegations in favor of the

plaintiff. See Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). The Court may look beyond

the allegations in the Complaint and consider affidavits and other documentary evidence to determine if

subject matter jurisdiction exists. See id. However, the Court must resolve any jurisdictional doubt prior to

ruling on the merits of a case. Any decision on the merits when jurisdiction is merely assumed would be

nothing more than a constitutionally prohibited advisory opinion. See Ruhrgas AG v. Marathon Oil Co., 526

U.S. 574, 577, 119 S. Ct. 1563, 1566-67 (1999); Ricketts, 874 F.2d at 1185.

B.     *Eazypower's Request for a Declaratory Judgment as to Alden's Yet-to-Issue Patent is
       Premature, Therefore No Justiciable Controversy Existed at the Time the Complaint Was
       Filed*

---

[3] None of the correspondence from Alden has been attached to Eazypower's Complaint. Presumably, Eazypower prefers to rely
on its mere allegations of "bad faith" as opposed to the letters themselves.

Eazypower's Count VI clearly seeks an advisory opinion because it concerns a patent that has not yet issued. As of this date, Alden only possesses a published patent application. It is clear that no infringement exists until a patent has issued. See 35 U.S.C. § 271. Accordingly, no justiciable case or controversy can exist with respect to a patent that has not issued. See GAF, 90 F.3d at 482 ("We therefore hold that a threat is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed."); Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 636 (Fed. Cir. 1991) ("[T]he existence of issued patent claims . . . are a requisite to litigation of a declaratory judgment action."); Muskegon Piston Ring Co. v. Olsen, 307 F.2d 85, 89 (6th Cir. 1962) (If there is no issued patent, "no controversy under the patent laws exists, upon which [the accused infringer] can bring an action for declaratory judgment."). Therefore, Eazypower's request for declaratory relief in Count VI must be dismissed under Rule 12(b)(1).

The Courts normally apply a two-part test to determine whether an "actual controversy" exists in an action for Declaratory Judgment of patent invalidity or noninfringement:

> First, the defendant in such an action must have engaged in conduct that created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question. Next, the plaintiff . . . must have actually produced the accused device or have actually prepared to produce such a device.

Jervis B. Webb Co. v. Southern Sys., Inc., 742 F.2d 1388, 1398-99 (Fed. Cir. 1984) (citations omitted). However, as noted by the Federal Circuit in GAF, this test is irrelevant where there is no issued patent, as is the case here. See GAF, 90 F.3d at 482 ("A broader inquiry than our two-part 'test' is required here because no patent had issued when the complaint was filed."); see also Woodbridge v. United States, 263 U.S. 50, 55-56, 44 S. Ct. 45, 47 (1923).

Prior to the issue date of a patent, the inventor only has an inchoate right which may or may not be perfected. See Newell v. OA Newton & Sons Co., 95 F. Supp. 355 (D. Del. 1950). Accordingly, Alden could not sue Eazypower for infringement until the patent issues. Logically, Eazypower should not be

permitted to jump the gun on Alden and seek a Declaratory Judgment of non-infringement or invalidity before the patent issues either. Much of this logic stems from the uncertainty of the facts surrounding a yet-to-issue patent – e.g., how does the scope of the issued patent claims vary from the published claims? Thus, a dispute over a potential patent is purely hypothetical and calls for an impermissible advisory opinion. See GAF, 90 F.3d at 483 ("Patent rights are created only upon formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance.").

The fact that a patent is about to issue and the likely scope of the issued claims may be known when the complaint is filed is further irrelevant to the inquiry of whether a justiciable case or controversy exists. This fact was directly addressed by the Federal Circuit in GAF. There, the Court noted that "[j]usticiablity must be judged as of the time of filing, not as of some indeterminate future date when the court might reach the merits and the patent has issued." Id. at 482; see also Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 734 n.2 (Fed. Cir. 1988). Further, the issuance of a patent cannot cure the jurisdictional defect. See Spectronics, 940 F.2d at 635 ("[L]ater events may not create jurisdiction where none existed at the time of filing.").

In GAF, the defendant, Elk, had received a Notice of Allowance for a pending design patent application and paid the issue fee. See GAF, 90 F.3d at 480. Before the patent issued, Elk sent the plaintiff, GAF, a cease and desist letter asserting that sales of GAF's roofing shingles would constitute an infringement of the forthcoming design patent. See id. GAF responded by seeking a Declaratory Judgment that the soon-to-issue patent was invalid and not infringed. See id.

The Federal Circuit noted that the two-part test for determining whether an actual controversy existed was met based on Elk's cease and desist letter. See id. at 481-82. However, the Court noted that the complaint was premature because the patent did not legally exist when the Declaratory Judgment complaint was filed. See id. at 482. The Court specifically stated that:

11

> [I]t is clear that GAF's complaint did not present a justiciable case or controversy under Article III and [28 U.S.C.] § 2201 when it was filed. The complaint alleged a dispute over the validity and infringement of a possible *future* patent not then in existence. The district court did not know with certainty whether a patent would issue or, if so, what legal rights it would confer upon Elk. Thus, the dispute was purely hypothetical and called for an impermissible advisory opinion. Furthermore, the court could not had provided "specific relief through a decree of a conclusive character," since there was no issued patent for the court to declare "invalid" or "not infringed." A declaratory judgment of "invalidity" or "noninfringement" with respect to Elk's pending patent application would have had no legal meaning or effect.

Id. (citation and footnote omitted).

The facts of this case are clearly in line with the GAF reasoning. At the time Eazypower's Complaint was filed, no patent had issued to Alden. In fact, Alden's patent has not yet issued. Eazypower's Complaint admits this fact in seeking relief with respect to "allowed claims of Alden's pending application" or "claims of Alden's published application." (See Complaint, ¶¶ 5-7). Even if Eazypower's Count VI were addressed, the issues of infringement and validity of Alden's patent would need to be re-addressed once it issues.

Clearly, there is no justiciable case or controversy supporting Eazypower's Count VI. Therefore, Count VI should be dismissed pursuant to Rule 12(b)(1).

V. Conclusion

Pursuant to 35 U.S.C. § 154(d), Alden was required to provide notice of its provisional patent rights to potential infringers or forfeit those rights. Alden sent such notice letters to potential infringers, including Plaintiff Eazypower. Inasmuch as these letters are consistent with Alden's Right to Petition, and to the extent Eazypower has failed to specifically allege any evidence that Alden was acting with "bad faith", Alden's actions are immunized under the Noerr-Pennington Doctrine. Accordingly, Eazypower's Complaint fails to state a claim on which relief can be granted, and should therefore be dismissed under Rule 12(b)(6).

Further, as of the date of this Memorandum, Alden's patent has not yet issued. Clearly, no patent existed when Eazypower's Complaint was filed. Accordingly, no justiciable case or controversy exists with

respect to Eazypower's Declaratory Judgment Count. Therefore, Count VI should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff's Complaint has no merit and is premature. This Action was filed simply to gain a procedural advantage and establish jurisdiction before Alden could properly bring a claim of patent infringement. Alden is not even in a position to file the mandatory counterclaim for patent infringement in this Action because no patent has issued at this time. Accordingly, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

Alden Corporation,
Defendant

By: _____

Jeffrey E. Schiller
Schuyler, Roche & Zwirner
One Prudential Plaza, Suite 3800
130 East Randolph Street
Chicago, IL 60601
(312) 565-2400
(312) 565-8300

Of Counsel:

John C. Linderman
Wm. Tucker Griffith
McCormick, Paulding & Huber, LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103
(860) 549-5290

13

<u>Certificate of Service</u>

I hereby certify that on the 30th day of June 2003, a true copy of the foregoing "Memorandum in Support of Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction" was mailed via First Class Mail to the following counsel of record:

Robert B. Breisblatt
Kara F. Cenar
Philip D. Segrest, Jr.
Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

By _____
Jeffrey E. Schiller

# See Case File for Exhibits