**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EASYPOWER CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 03 C 3164** |
| | ) | |
| v. | ) | **Magistrate Judge Morton Denlow** |
| | ) | |
| **ALDEN CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Alden Corporation ("Alden") asserts that Plaintiff Easypower Corporation ("Easypower") has infringed two of Alden's patents: U.S. Pat. Nos. 6,595,730 and 6,742,416 ('730 and '416 respectively, "Patents" collectively). After a *Markman* hearing, this Court construed five disputed claim terms contained in the Patents. Before the Court is the motion by Alden for reconsideration of the Court's claim construction No. 5, construing the term "acute angle relative to the axis." For the reasons stated below, this motion is denied.

### I. *MARKMAN* HEARING

The disputed claim term, "acute angle relative to the axis," is used in Claims '416:1, 5, 8, 10, 16 and 22. At the *Markman* hearing and in its claim construction briefs, Alden's proposed construction for this phrase was "an angle of less than 90 degrees between the scraping edge and the axis of the bit when viewed along a line perpendicular to the axis and the edge, whether the edge and axis intersect or not." Easypower's proposed construction was "an angle of less than 90 degrees, but the combined angle of two scraping

edges (relative to the axis) is obtuse." The parties disputed whether the combined angle of two scraping edges must be obtuse. After an analysis of the claim language, specifications, and the parties' arguments, the Court construed this term to mean:

> an angle of less than 90 degrees between the scraping edge and the axis of the bit when viewed along a line perpendicular to the axis and the edge, whether the edge and axis intersect or not. If there are two scraping edges, the combined angles relative to the axis are greater than 90 degrees. If there are more than two scraping edges, the combined angles relative to the axis of each set of two angles are greater than 90 degrees.

*Easypower Corp. v. Alden Corp.*, 509 F. Supp. 2d 737, 752 (2007) ("*Easypower I"*).

In its motion for reconsideration, Alden requests this Court withdraw the last two sentences of the construction on the following grounds: "1) no basis exists in the patent specification for importing the term 'obtuse' into the claims; 2) no basis exists in the patent specifications to give the terms 'obtuse' and 'angle' anything other than their ordinary and customary meanings." Def. Mot. at 1. Easypower objects to this motion, asserting that Alden has failed to demonstrate any error of law committed by the Court in its claim construction, and that Alden merely re-presents arguments advanced at the *Markman* hearing.

## II. MOTION FOR RECONSIDERATION

Motions for reconsideration serve a narrow purpose and must be supported by a showing of extraordinary circumstances. *Trading Technologies Int'l.* v. *Refco Group Ltd.,* 2007 WL 611258 (N.D. Ill. 2007). In general, motions to reconsider are rarely granted and are "only appropriate to correct manifest errors of law or to present newly discovered evidence." *The Chamberlain Group, Inc. et al. v. Lear Corp.,* 2007 WL 551579 (N.D. Ill.

2007); *Qto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000); *Trading Technologies,* 2007 WL 611258. A party cannot use a motion for reconsideration "to introduce evidence previously available," "to tender new legal theories," or to "rehash old arguments." *Mahurkar v. C.R. Bard, Inc.,* 2003 WL 22844237 (N.D. Ill. 2003). The Court will review the claim construction disputed by Alden only for any manifest errors of law or fact. *Id.*

Alden argues that Easypower never contemplated to include the obtuse angle limitation to bits having more than two edges, and the Court has committed error by importing this limitation into all of the claims. Alden also argues this Court erred in its definition of the term "obtuse." Finally, Alden asserts that it did not have an opportunity to be heard on the adopted construction.

**A.  The Court did not err by importing a limitation of the term "obtuse" into the claims.**

Alden argues this Court erred by applying the obtuse angle limitation to the invention as a whole, asserting that the Court has improperly read "a limitation from the written description into the claims." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1320 (Fed. Cir. 2005). Alden asserts Easypower never intended in its construction to apply the obtuse angle limitation to bits having more than two edges. Alden also alleges the specifications lack "words or expressions of manifest exclusion or restriction" required for the proper importation of this limitation into the claims. *Innova/Pure Water Inc. v. Safari Water Filtration Systems, Inc.,* 381 F.3d 1111, 1117 (Fed. Cir. 2004).

3

### 1. The obtuse angle limitation applies to the invention as a whole.

After hearing arguments from both Alden and Easypower on this claim term, this Court acknowledged, at both the hearing and in its order, the concern with importing a limitation from the specification into the claim. Recognizing this "fine line," the Court found the patent described "the invention," not just a particular embodiment or claim, as having edges that meet in an obtuse angle. The Court still agrees with its finding today.

Statements describing the invention as a whole are more likely to support a limiting definition of a claim term than statements that describe only preferred embodiments. *C.R. Bard, Inc. v. U.S. Surgical Corp.,* 388 F.3d 858, 864 (Fed. Cir. 2004). If a specification describes specific embodiments of the invention, a court should not confine the claims to those embodiments. *Phillips,* 415 F.3d at 1323. If the patentee describes "the invention" in the specification, however, "as opposed to describing a particular embodiment, it is appropriate to construe the claim terms consistent with the patentee's description." *Easypower I,* 509 F. Supp. 2d at 741; *Honeywell Int'l. Inc. v. ITT Industries, Inc.,* 452 F.3d 1312, 1318 (Fed. Cir. 2006). The Court acknowledged in its claim construction order the "fine line" that exists "between properly construing the claim terms in light of the specification and improperly importing limitations from the specification." *Easypower 1,* 509 F. Supp. 2d at 741; *Phillips,* 415 F.3d at 1323. The determination of "what import to give language from the specification" must be conducted on a case-by-case basis. *C.R.Bard,* 388 F.3d at 864.

As noted by the Court in its order, none of the claims explicitly state the combined

angle of the scraping edges relative to the axis must be obtuse. Still, the Court found clear and unequivocal specification language that the angle between the edges is obtuse, and the Court still agrees with this finding. In the "Summary of the Invention" of the '416 patent, it states that "the edges meet in a point at an obtuse angle." *Easypower I,* 509 F. Supp. 2d at 751. The Abstract states that "[t]his bit has an axis and a tip end with an obtuse angle," and that "[e]ach scraping surface has a scraping edge at an angle of about 55 degrees to 70 degrees." *Id.* In addition, the language in the embodiments is consistent with an obtuse angle between the edges. *Id.* Claim '416:10, an independent claim describing a plurality of edges, does not restrict the angle between the edge and axis beyond requiring each angle to be acute. *Id.* at 24. Claim '416:14, however, which is dependent on claim 416:10, describes only two edges, and further requires the angle between the edges to be obtuse. *Id.* As the Court stated in its order, the presumption under the doctrine of claim differentiation[1] to not limit Claim '416:10 by '416:14 is "overcome by the specification language indicating that both the invention in general and the specific embodiments require an obtuse angle between the edges." *Id.* The language throughout the specification regarding the obtuse angle

---

[1] As explained in the Court's claim construction order:
Under the doctrine of claim differentiation, a court may construe a claim based on how it differs from other claims. For example, if a dependent claim adds a particular limitation not found in an independent claim, a rebuttable presumption arises that the limitation is not found in the independent claim. The doctrine of claim differentiation has less force, however, where there are additional differences between the claims. The presumption arising from claim differentiation is overcome if the result conflicts with the specification or prosecution history.

*Easypower 1*, 509 F. Supp. 2d at 741.

limitation refers to the invention as a whole, rather than a particular embodiment or claim. Thus, applying this limitation to all of the claims is appropriate.

> 2. **Additional words of exclusion are unnecessary to apply the obtuse angle limitation to the invention as a whole.**

Alden continues to dispute this claim construction arguing that the patents do not include any "words or expressions of manifest exclusion or restriction" regarding the term obtuse. Relying on *Innova/Pure Water Inc* v. *Safari Water Filtration Systems, Inc.,* 381 F.3d 1111, 1117 (Fed. Cir. 2004), Alden argues that such disclaimers or exclusion words must be present in order to apply the limitation to the invention as a whole.

*Liebel-Flarsheim Co. v. Medrad, Inc.,* 358 F.3d 898 (Fed. Cir. 2004)*,* the case to which the court in *Innova/Pure Water* cites for this proposition, provides several examples of federal circuit cases where such exclusion words were present, and where such words were absent. *Id.* at 906. The court cites several cases that find exclusion words were present where the specifications included "an explicit disclaimer" of a particular structure, as opposed to just the absence of reference to that structure. *Id.* at 906-07. The court explained that although an inventor may have anticipated that the invention would be used in a particular way, the scope of the invention is not limited to that context if a clear disclaimer of a particular subject matter is not present. *Id.* at 909; *See id.* at 907 (noting the *Watts, Cultor* and *Biogen* cases where the applicants specifically limited their inventions to particular structures by specifying that the invention uses those structures, or by giving an expressed limiting definition of the language in the specification).

6

The *Liebel-Flarsheim* court also acknowledged cases where the courts "interpreted the pertinent claim language narrowly, not merely because the specification did not describe a broader embodiment, but because the specification, claim or prosecution history made clear that the invention was limited to a particular structure." *Id.* at 907. In comparison, the court in a later case found the specification made clear "'at various points that the claimed invention is narrower than the claim language might imply' based on a reading of the specification as whole." *C.R. Bard,* 388 F.3d at 864 n.3. The court notes phrases in the specification stating "the invention is..." and "the implant includes. . ." and "an implantable prostheseis including. . ." to support its finding that the invention was limited to that structure which the inventor directly indicated. *Id.* at 864.

Likewise, the inventor uses clear language in this patent to describe the invention as a whole. The language in the patent makes clear that the invention is limited to combined angles that are obtuse. As the Court acknowledged in its order, the claims do not explicitly state that the combined angle of the scraping edges must be obtuse, nor do they include any other "disclaimer" terms. As Easypower argued at the hearing, however, where the specification refers to the combined angles as being obtuse, it does not use the words "could be" or "should be" obtuse, but rather directly states that it "is obtuse." 8/27/07 Transcript at 67 ("Transcript"). The written description does not indicate that having the combined angles be obtuse is merely a preferred embodiment of the claimed invention. *Honeywell,* 452 F.3d at 1318. The presumption under the doctrine of claim differentiation to not limit an independent claim to the description in a dependent claim is overcome by the specification

7

language indicating that both the invention in general and the specific embodiments require an obtuse angle between the edges.

Although Alden argues now and during the *Markman* hearing that its patent is not limited by the combined angles being obtuse, its written description of the patent indicates otherwise. And "where the written description clearly identifies what the invention is, an expression by a patentee during prosecution that he intends his claims to cover more than what his specification discloses is entitled to little weight." *Honeywell,* 452 F.3d at 1319. The determination of whether a claim must be limited to a specific embodiment presented in the specification depends in each case on "the specificity of the description of the invention and on the prosecution history." *Liebel-Flarsheim,* 358 F.3d at 907 (quoting *Cultor Corp v. A.E. Staley Mfg. Co.,* 224 F.3d 1328, 1331 (2004). In this case, the invention is repeatedly specifically described as one where the edges meet at an obtuse angle. Thus, the Court appropriately limited the claim terms in this way.

> **3. The Court's claim construction properly accounts for a possible third embodiment.**

Alden also argues that a third embodiment exists in the patent that covers a bit with "three-scraping edges," and that the obtuse limitation does not apply to this embodiment. The Court has already acknowledged this embodiment and accounted for it in its order in a way that is compatible with the language throughout the specification that the edges meet in a point at an obtuse angle. Alden previously argued this point at the *Markman* hearing. Transcript at 58. Moreover, Alden appears to argue that the obtuse limitation only applies

8

to two diametrically opposed edges, as opposed to two edges that are not diametrically opposed (as would be the case with a three-edge bit with uniformly distributed edges). The patent's language, however, does not limit the combined obtuse angle to one that is diametrically opposed. Alden argues that the Court's claim construction excludes the three-edge embodiment from the claim coverage. To the contrary, this Court's construction accounts for this embodiment in its construction, by stating that "if there are more than two scraping edges, the combined angles relative to the axis of each set of two angles are greater than 90 degrees." *Easypower I,* 509 F. Supp. 2d at 752.

    **4.**    **The Court properly applied the definition of obtuse to a possible three-edge embodiment.**

Alden argues the Court erred in applying the term "obtuse" to a combined angle where two individual angles lie in different planes. Alden argues that the angles which are not in the same plane cannot have an angle relative to each other and thus the Court's construction is incompatible with the "ordinary and customary meaning" of the term obtuse. *See Phillips,* 415 F.3d at 1312 ("[T]he words of a claim are generally given their ordinary and customary meaning."). Alden's argument appears to contradict its arguments for more flexible geometric definitions during the *Markman* hearing. Alden argued during the hearing that for "claim terms, where they are talking about geometric intersections and points and planes, they have to be interpreted with some degree of real world intuit[]. They are just not going to have a perfect match at every point." Transcript at 37. It went on to say that "geometric limitations cannot be met with precision or you can argue until doomsday about whether an

actual bit met that limitation or not. So you have to build in some allowance for machine tolerances and things likes that." Transcript at 39. Alden later acknowledged "two lines in space can have an angular relationship with one another whether they intersect or not." Transcript at 57-58. Alden cannot turn around now and argue that geometric precision must exist when referring to the measurement of two combined angles that can otherwise be interpreted with such "real world intuit."

In its construction, the Court is not straying from the ordinary and customary meaning of the term "obtuse" ("exceeding 90 degrees but less than 180 degrees"). Def. Mot. Ex.A at 816. Nor is it straying from the ordinary meaning of "angle" ("the figure formed by two lines extending from the same point"). Def. Mot. Ex.A at 85. The Court's construction allows for a bit that has three edges, while remaining compatible with the specification's clear language that the edges meet at a point in an obtuse angle, by stating that the combined angles relative to the axis of each set of two angles must be greater than 90 degrees. Although such a construction does allow for the sum of two angles lying on different planes, it remains compatible with both the ordinary meaning of the terms "obtuse" and "angle" as well as with the intentions of the inventor.

**B.    Both Easypower and Alden addressed these issues at the *Markman* hearing.**

Alden argues that because the Court limited the rebuttal arguments at the *Markman* hearing, it was prejudiced from making its arguments surrounding the obtuse limitation. The Court did limit the use of rebuttal arguments at the *Markman* hearing out of fairness to the

parties, however Alden did not dispute the Court's procedure during the hearing, and in fact presumed that the Court would not hear rebuttal arguments. Transcript at 24 (Alden's counsel stated "your honor, I presume you don't want rebuttal?"). Moreover, during the hearing, when Alden did request to respond to Easypower's points, the Court allowed Alden to do so, despite its previous decision to not allow such rebuttal arguments. Transcript at 35. And after hearing Easypower's argument on the term "obtuse," the Court asked if there was anything else that needed to be addressed, to which Alden replied no. Transcript at 69. Alden never indicated there was additional information it wished to bring to the Court's attention.

Moreover, Alden had several opportunities to make its arguments surrounding the obtuse limitation. Easypower argued in its brief that the combined angle of two scraping edges is obtuse, thus Alden had an opportunity to refute this construction at the hearing in response to Easypower's brief, and did so accordingly. Moreover, although Easypower did not address in its brief the application of this construction to a bit with three-scraping edges, Alden argued against applying the construction to such a bit in the hearing and the Court questioned Easypower on this construction. Transcript at 58-59; Transcript at 66.

Furthermore, at the *Markman* hearing, Alden specifically acknowledged that Easypower was arguing that as to all of the claims, where there are two or more angles, their combined angle must be greater than 90 degrees. Transcript at 58-59. Alden went on to make the same arguments it makes in its present motion. At the hearing, Alden discussed the doctrine of claim differentiation, and applied it to the construction that Easypower was

11

asserting. Transcript at 61 ("If you're going to incorporate limitations such as this into the spec and attempt to limit the spec to the specifically disclosed embodiment, under the *Phillips* case law you need to have words of exclusion, very specific exclusion to make it clear, and there are no such words cited by Easypower anywhere in this patent specification."). Alden made these arguments at both the hearing as well as in its briefs, and they are identical to the arguments Alden puts forth in its present motion. Thus, Alden's argument that it did not have an opportunity to be heard on these issues is without merit.

### IV.  CONCLUSION

For the reasons set forth herein, the Court reaffirms its previous claim construction No.5.  Accordingly, **Alden's motion for reconsideration is denied.**


**SO ORDERED THIS 21st DAY OF NOVEMBER, 2007.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**



**Copies sent to:**

|  |  |
|---|---|
|  | Chicago, IL 60607 |
| Jody L. Factor<br>Factor & Lake, LTD<br>1327 West Washington Boulevard<br>Suite 5 G/H | Counsel for Plaintiff |

Jeffrey E. Schiller
Deutsch, Levy & Engel, Chtd.
225 West Washington Street
Suite 1700
Chicago, IL 60606

John C. Linderman
McCormick, Paulding & Huber, LLP
Cityplace II
185 Asylum Street, 18th Floor
Hartford, CT 06103

Counsel for Defendant